26CA0414 Peo in Interest of Herrera 05-14-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 26CA0414
Jefferson County District Court No. 23MH474
Honorable Jessica Walker, Magistrate

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Jose Herrera,

Respondent-Appellant.

---

ORDER AFFIRMED

Division A
Opinion by JUDGE HAWTHORNE*
Román, C.J., and Martinez*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 14, 2026

---

Kimberly Sorrells, County Attorney, Sarah Oviatt, Senior Assistant County Attorney, Golden, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Jose Herrera appeals the district court magistrate's order extending his long-term certification for care and treatment under section 27-65-110, C.R.S. 2025.  We affirm.

I.     Background

¶ 2     In March 2023, Herrera was admitted to a mental health hospital for competency restoration.  His associated criminal charges were dismissed five months later, at which time the hospital placed Herrera on an emergency mental health hold.  The People subsequently filed a series of successful petitions for short-term and long-term certifications for treatment, asserting that Herrera was gravely disabled due to his schizoaffective disorder and post-traumatic stress disorder (PTSD).  *See* § 27-65-109, C.R.S. 2025 (describing the conditions and procedures for short-term certification); *see also* § 27-65-110(5) (permitting "as many [long-term certification] extensions as the court orders").  As a result, Herrera has been continuously hospitalized since 2023 and now resides at Colorado Mental Health Hospital in Fort Logan (CMHH-FL).

¶ 3     In January 2026, the People once again petitioned for a six-month extension of Herrera's long-term certification, alleging

that his diagnosis remains consistent and that he continues to require structure and support for daily functioning. Herrera requested an evidentiary hearing to address the petition.

¶ 4 At the hearing, Dr. Michelle Selsenmeyer testified that Herrera's primary diagnosis is schizoaffective disorder, bipolar type, and his secondary diagnoses are PTSD and stimulant use disorders. She further testified that Herrera is gravely disabled as a result of his schizoaffective disorder, which "impacts his ability to independently . . . manage his basic needs," especially his eating and drinking behaviors, hygiene, and medication management. Hence, Herrera was at risk of substantial bodily harm.

¶ 5 As to eating and drinking behaviors, Dr. Selsenmeyer testified that Herrera often stared at his food, then ate very slowly or threw his food away. He also grabbed food out of the garbage or from other patients. Herrera had lost weight since being admitted to CMHH-FL, and staff were monitoring his weight and eating behaviors to ensure his safe nutrition. He also had a history of drinking toxic amounts of water and required intermittent fluid restrictions. As to hygiene issues, Dr. Selsenmeyer testified that Herrera had been using his toothbrush to clean doorknobs with

hand sanitizer, then brushing his teeth with that toothbrush. Herrera also needed step-by-step direction to clean himself in the shower and significant prompting to launder his clothes. Finally, as to medication management, Dr. Selsenmeyer testified that Herrera currently required "med sits" (fifteen-minute supervision after "taking in his meds") to ensure that he was not diverting the prescribed medications.

¶ 6 Herrera also testified. Referring to a broken leg he had suffered twenty years prior, Herrera told the magistrate that he was in CMHH-FL "to vegetate his leg." He explicitly denied having a mental health disorder. Herrera testified that he did not know what medications he takes, but he takes all the medications CMHH-FL provides. He further testified that his condition had been improving since arriving at CMHH-FL. As a result, he opined, he was well enough to be discharged to go live with a named friend and support himself doing construction.

¶ 7 The magistrate found that Herrera was gravely disabled as a result of his mental health disorder. Accordingly, the magistrate ordered a six-month extension of Herrera's long-term certification for care and treatment.

## II.     Discussion

¶ 8     Herrera challenges the sufficiency of the evidence supporting the order — specifically, the magistrate's finding that he is gravely disabled — because the record shows that he (1) identified a possible residence and source of employment if he were discharged, and (2) voluntarily participates in treatment at CMHH-FL.  We perceive ample evidence to support the order.

### A.     Standard of Review and Applicable Law

¶ 9     When a respondent challenges the sufficiency of the evidence, we review the court's conclusions of law de novo and defer to its findings of fact if supported by evidence in the record.  *People v. Marquardt*, 2016 CO 4, ¶ 8.  We review the record as a whole and in the light most favorable to the People, and we defer to the fact finder's resolution of any conflicting testimony.  *See People in Interest of Ramsey*, 2023 COA 95, ¶ 23.  "The district court, as fact finder, 'has discretion to determine the credibility of the witnesses; the sufficiency, probative effect, and weight of the evidence; and the inferences and conclusions to be drawn from it.'"  *People in Interest of R.C.*, 2019 COA 99M, ¶ 7 (quoting *People in Interest of S.M.A.M.A.*, 172 P.3d 958, 962 (Colo. App. 2007)).

¶ 10 A district court may authorize a six-month extension of certification for long-term care and treatment if it finds, by clear and convincing evidence, that the respondent has a mental health disorder and, as a result of that disorder, is a danger to themself or others or is gravely disabled. § 27-65-110(1)(a), (5); § 27-65-113(1), C.R.S. 2025. A treatment provider's testimony alone may constitute clear and convincing evidence. *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

¶ 11 A person is "gravely disabled," when, as a result of a mental health disorder, they are "incapable of making informed decisions about or providing for [their] essential needs without significant supervision and assistance from other people." § 27-65-102(17), C.R.S. 2025. And because they are incapable of making informed decisions, the gravely disabled person "is at risk of . . . mismanagement of [their] essential needs that could result in substantial bodily harm." *Id.*; *see People v. Taylor*, 618 P.2d 1127, 1134 (Colo. 1980) (noting that a person's essential needs include "food, shelter, clothing, and medical care").

## B.    Application

¶ 12    The district court magistrate implicitly credited Dr. Selsenmeyer's testimony when it found, by clear and convincing evidence, that Herrera was gravely disabled.  The magistrate explained that, as a result of Herrera's diagnosed schizoaffective disorder, he was unable to manage his essential needs — specifically his nutritional intake, water consumption, and hygiene matters — without significant supervision or assistance.  Without such assistance, Hererra would be at risk of substantial bodily harm resulting from insufficient nutrition, water intoxication, and improper hygiene.  The magistrate also expressed concern about (1) Herrera's belief that he suffers from a broken leg, rather than a mental health disorder; and, relatedly, (2) his ability to manage his medications outside the hospital.  Dr. Selsenmeyer's testimony, detailed in Part I of this opinion, provides clear and convincing evidence for these findings.  *See Pflugbeil*, 834 P.2d at 846-47.

¶ 13    Herrera's challenge to the sufficiency of the evidence rests solely on the possibility of alternate findings based on the record.  But we defer to the magistrate's resolution of conflicting testimony and to its findings of fact when, as here, the record supports those

6

findings.  *See Marquardt*, ¶ 8; *Ramsey*, ¶ 23; *R.C.*, ¶ 7.  Thus, we will not reweigh the evidence.

### III.    Disposition

¶ 14    Because the record supports the magistrate's finding that Herrera is gravely disabled, we affirm the order extending his long-term commitment to CMHH-FL.

CHIEF JUDGE ROMÁN and JUSTICE MARTINEZ concur.